**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#117**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:** **(In Chambers) Order Granting in part and Denying in part Defendant's Motion for Attorneys' Fees**

Pending before the Court is Defendant The Gurin Company's Motion for Attorneys' Fees. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS in part and DENIES in part Defendant's Motion.

I. Background

Plaintiff ANT ("Plaintiff") is a comedian and entertainer, who has appeared in numerous television shows, on radio, and in stand-up comedy performances.[1] *See FAC* ¶¶ 13-25 (Dkt. #73). On June 15, 2007, Plaintiff applied to register his "ANT" service mark with the Patent and Trademark Office ("PTO"), classified under International Class 41 services:

> Entertainment in the nature of live comedic performances; Entertainment in the nature of visual and audio performances, and musical, variety, news and comedy shows; Entertainment in the nature of live performances by a comedian; Entertainment Services, namely, live televised and movie appearances by a professional entertainer; Entertainment services, namely, providing a website featuring, photographic, audio, video and prose presentations featuring comedy.

---

[1] Plaintiff was born Anthony Steven Kalloniatis, but legally changed his name to ANT in 1993. *See FAC* ¶ 6.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#117**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

*Id.* ¶ 28.  On February 12, 2008, the PTO registered the "ANT" mark on the Principal Register. *See id.* ¶ 30.

Anthony McPartlin ("McPartlin") and Declan Donnelly ("Donnelly") provide entertainment services in the United Kingdom through their production company, Gallowgate Holdings Limited ("Gallowgate").  *See id.* ¶ 36.  McPartlin and Donnelly market themselves as "ANT and DEC."  *See id.* ¶ 37.  The "ANT & DEC" duo has starred in "The ANT & DEC Show," "ANT and DEC Unzipped," and "ANT & DEC's Saturday Night Takeaway" in the United Kingdom.  *See id.* ¶¶ 41-43.  On March 22, 2007, Gallowgate filed an application to register the "ANT & DEC" service mark at the PTO, based on the same services classification as Plaintiff's mark.  *See id.* ¶ 52, 55.  In 2007, McPartlin and Donnelly entered into a contract with Defendant The Gurin Company ("Defendant") to create a television show called "Wanna Bet?" (the "show").  Defendant marked the show as "hosted by British comedians Ant & Dec" and by "British comedy sensations Ant and Dec."  *See Opp.* 4:9-11; *FAC* ¶¶ 61-62.  The show was produced in 2008 and aired on ABC until it was cancelled shortly thereafter.

On September 19, 2008, Plaintiff filed suit against Defendant, McPartlin, Donnelly, and Gallowgate in the District of Massachusetts.  On October 21, 2009, Judge Rya W. Zobel of the District of Massachusetts dismissed the complaint against McPartlin, Donnelly, and Gallowgate, and transferred the remaining case to this Court.  *See* Dkt. #42.  On April 14, 2010, Plaintiff filed a First Amended Complaint ("FAC" or "Complaint") against the same Defendants.  The FAC asserts twelve federal and state law claims against Defendant: (1) declaratory relief under the Lanham Act, 15 U.S.C. § 1119; (2) federal service mark infringement under the Lanham Act, 15 U.S.C. § 1114; (3) unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); (4) federal service mark dilution under the Lanham Act, 15 U.S.C. § 1125(c); (5) common law service mark infringement; (6) common law unfair competition; (7) unfair competition under Cal. Bus. & Prof. Code § 17200; (8) wrongful use of name or likeness under Cal. Civ. Code § 3344; (9) wrongful use of registered California mark under Cal. Bus. & Prof. Code § 14245(a)(1); (10) wrongful reproduction of registered California mark under Cal. Bus. & Prof. Code § 14245(a)(2); (11) wrongful assistance in violation of registered California mark under Cal. Bus. & Prof. Code § 14245(a)(3); and (12) dilution of registered California mark under Cal. Bus. & Prof. Code § 14247.

On May 17, 2010, Defendant filed a motion to dismiss, which the Court granted on August 5, 2010, dismissing the case in its entirety.  *See* Dkt. #114 (August 5, 2010 Order

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#117**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

Granting Defendant's Motion to Dismiss). Dismissal was proper because the Defendant's use of the "ANT" mark was protected by the First Amendment. *See id.* As the prevailing party, Defendant now seeks $170,822.30 in attorneys' fees under Cal. Civ. Code § 3344 and the Lanham Act, 15 U.S.C. § 1117(a).

II.     Legal Standard

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). However, an award of attorneys' fees may be proper where a valid contract or statute shifts fees to a losing party. *See, e.g.*, *United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979). In order to award attorneys' fees to a party in litigation, a court must be satisfied that both (1) the party is entitled to the fees and (2) that the fee award is reasonable. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (citing *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993)). If it is state law that allows for a fee award, federal courts must look to that law to determine the propriety of such an award. *Michael-Regan Co., Inc. v. Lindell,* 527 F.2d 653, 656 (9th Cir. 1975).

III.    Discussion

Defendant, as the prevailing party, seeks an award of attorneys' fees under both Cal. Civ. Code § 3344 and the Lanham Act, 15 U.S.C. § 1117(a). For the reasons that follow, the Court grants Defendant's request, but determines that the full amount sought—$170,822.30—is not the proper award. Instead, the Court finds that Defendant is entitled to $66,195.50.

        A.      Attorneys' Fees under California Civil Code § 3344

First, Defendant argues that Cal. Civ. Code § 3344 entitles it to $52,247.01 in attorneys' fees. *See Mot.* 15:13-14.

                1.      Whether Defendant is Entitled to Attorneys' Fees under § 3344

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#117

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

Section 3344 *requires* that a court give attorneys' fees to a prevailing party. Cal. Civ. Code § 3344 ("The prevailing party in any action under this section *shall* also be entitled to attorney's fees and costs." (emphasis added)); *see also Kirby v. Sega of Am., Inc.*, 144 Cal. App. 4th 47, 62, 50 Cal. Rptr. 3d 607 (Cal. Ct. App. 2006) ("The mandatory fee provision of section 3344, subdivision (a) leaves no room for ambiguity."). Moreover, where some of the claims in a lawsuit permit recovery of attorneys' fees and others do not, the party seeking fees is only entitled to recover for work done under the permissive statutory provision unless the issues in the litigation are so intertwined as to make such an accounting impractical. *See Akins v. Enterprise Rent-a-Car Co.*, 79 Cal. App. 4th 1127, 1133, 94 Cal. Rptr. 2d 448 (Cal. Ct. App. 2000).

The language of the statute is plain and has a clear application in this case; Defendant is entitled to recover attorneys' fees for its § 3344 state law claim. Plaintiff does not contest this point, opting instead to stridently question the reasonableness of the $52,247.01 sought.

2. Whether the Amount of Fees Sought under § 3344 is Reasonable

As discussed, the customary method of determining the reasonableness of attorneys' fees is known as the "lodestar" method. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The "lodestar" method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* The resulting figure is presumptively reasonable. *See id.* at 364, n.8. The moving party has the burden to produce evidence that the rates and hours worked are reasonable. *See Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 623 (9th Cir. 1983). Once the "lodestar" figure is calculated, a court has discretion to adjust the figure based on certain factors set forth in *Kerr v. Screen Extras Guild*. *See Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975) (a court can consider the following factors if they are relevant to the case: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases). The court must provide a clear explanation for any reduction. *See Sorensen v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#117

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

      Defendant asks the Court to award $52,247.01 in fees for its defense of Plaintiff's § 3344 claim. *See Mot.* 15:13. How Defendant arrives as this figure, however, is a bit of a mystery. In total, Defendant seeks $170,822.30, the purported total cost for its attorneys' to defend this lawsuit. *See id.* 1:7-8. Yet Defendant submits affidavits and argues in its Motion that "almost all legal research, analysis, drafting and strategy was targeted to the Lanham Act and 3344 claims," and that 95 percent of the attorneys' fees requested are "reasonably allocated to the [intertwined] Lanham Act and 3344 claims," which cost $113,058.30 combined. *Id.* 15:5-16. Of that amount, Defendant was able to apportion $52,247,01 to the § 3344 claim alone. *Id.*

      Though Plaintiff disputes that this number accurately reflects the billing entries made by Defendant's attorneys in this matter, the Court finds the requested fees under § 3344 are generally reasonable. The Court is not entirely sure how the above figures provided by Defendant relate to each other and how each was calculated, but the Court's own calculations lead to an amount very close to the requested amount. The relevant billing entries are not only those that specifically refer to § 3344, but also those related to the motion to dismiss because of the inherent relatedness of the asserted First Amendment defense to the § 3344 claim. Based on the affidavits and billing sheets submitted to the Court, the Court calculates the "lodestar" as follows:

| Attorney | Rate Charged | Hours Worked on the § 3344 and First Amendment Issues | Total Amount (Rate x Hours) |
|---|---|---|---|
| Kelli Sager | $470/hour | 28.27 | $13,286.90 |
| Carla Veltman | $360/hour | 52.47 | $18,889.20 |
| Anna Zusman | $310/hour | 64.74 | $20,069.40 |
| | | | **TOTAL $52,245.50** |

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#117**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

    The rates charged appear to be reasonable and the hours worked do not clearly represent overstaffing, duplication of work or time wasted.[2] *See e.g.*, *Schultz v. Ichimoto*, No. CV 08-526 OWW (SMSx), 2010 WL 3504781, at *6-7 (E.D. Cal. Sept. 7, 2010) (finding that rates of $300 per hour were reasonable based on other cases where $315 and $350 per hour were reasonable); *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, No. CV 04-9396, 2006 WL 4081215, at *3 (C.D. Cal. Dec. 12, 2006) (finding that rates up to $625 for a senior partner were reasonable). *See also Grossberg Decl.* ¶ 5 (non-party attorney attesting to the reasonable and customary rates in the relevant legal market). Accordingly, the Court GRANTS Defendant's request for attorneys' fees related to the § 3344 claim in the amount of $52,245.50.

    As a prevailing party entitled to certain fees, Defendant is also allowed to recover a reasonable amount for work on the instant fee motion. *See Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986); *Moore v. Bank of Am.*, No. CV 03-0520 (IEG), 2008 WL 68851, at *5 (S.D. Cal. Jan. 7, 2008). Defendant seeks $13,950.00 in fees for this Motion. *See Reply* 2:8. It appears that Anna (Buono) Zusman did the lion's share of the work on the fees Motion, and, based on the billing sheets submitted, that work amounted to 42.6 hours. *See Reply* Ex. 3. At $310 per hour, the Court calculates the lodestar figure for the attorneys' fees motion to be $13,206.00. To the extent that other attorneys were involved in drafting and submitting this Motion, the Court notes that much of that involvement came in the form of "communications with the team," which is adequately accounted for in Ms. Zusman's time. *See id.* ("Communications with team regarding fee motion," and "Communications with A. Buono [Zusman] regarding fee motion"). Not all the other attorneys' work was "communications," however, and based on the information provided, the Court finds that the $13,950.00 requested reflects a reasonable amount of time spent and a reasonable rate charged. The Court GRANTS Defendant's request for $13,950.00 accordingly.

    B.    <u>Attorneys' Fees under the Lanham Act, 15 U.S.C. § 1117(a)</u>

    The Lanham Act also provides an independent ground for recovery of attorneys' fees, but only if the case is an "exceptional" one. *See* 15 U.S.C. § 1117(a). The Ninth Circuit has defined exceptional cases to be those that are "groundless, unreasonable, vexatious or pursued in bad

---

[2] The number of hours worked were calculated according to the Defendant's attorneys' own approximations of the time spent on the § 3344 claim and the related First Amendment defense. *See Sager, Veltman, and Zusman Decls.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#117**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

faith." *Gracie*, 217 F.3d at 1071. The requirements are disjunctive; *i.e.*, the prevailing party need only establish one attribute of an exceptional case, not all four. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002). Even if a case is exceptional, however, the language of the statute makes it such that a court still has the discretion to determine whether and how much of an award is appropriate. *See Gracie*, 217 F.3d at 1071 ("A party alleging that the district court erred by failing to award attorneys' fees under § 1117 faces an uphill battle . . . First the remedy is available only in exceptional cases. Second, the statute provides that the court 'may' award fees; it does not require them." (internal citations and quotations omitted)). Finally, similar to the above state law claim, "a prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for work related to Lanham Act claims," and a court must attempt to apportion a fee award "unless [it] finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless." *Id.* at 1070.

The Court disagrees with Defendant's position that this case is "exceptional" within the meaning of the Lanham Act. Apparently realizing that this case cannot be described as "unreasonable," "vexatious" or "pursued in bad faith," Defendant argues only that it is entitled to fees because Plaintiff's "Lanham Act claims were groundless . . . and [P]laintiff's litigation tactics unnecessarily burdened [Defendant] with avoidable litigation expenses."[3] *Mot.* 4:26-27.

Working backwards, the Court finds no merit to Defendant's latter argument. Based entirely on a misunderstanding of this Court's decision in *Scientific Weight Loss v. U.S. Medical Care Holdings*, No. CV 08-2852 PSG (FFMx), 2009 WL 2151365 (C.D. Cal. July 15, 2009), Defendant wrongly argues that a case can be "exceptional within the meaning of Section 1117(a) solely on the basis of plaintiff's litigation tactics multiplying the burden of defending the lawsuit." *Mot.* 4:22-24. In *Scientific Weight Loss*, this Court did in fact explain that "Plaintiffs greatly multiplied the burden of defending this lawsuit by repeatedly filing 'emergency' motions." *Scientific Weight Loss*, 2009 WL 2151365 at *5. Defendant, however, stopped

---

[3] Defendant also asserts that attorneys' fees are appropriate under the Lanham Act based on Plaintiff's Complaint. Specifically, Defendant says that "Plaintiff also apparently determined that this case was an 'exceptional' case because [the Complaint] included an award of attorneys' fees and costs in the event he prevailed on his Lanham Act claims. He should not be permitted to change his position now." *Mot.* 5:24-28, n.6. The Court's "exceptional" analysis is based on the unique facts of this case and not on Plaintiff's attempt to preserve his right to seek attorney's fees in the Complaint.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#117**

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

reading at the most important part where this Court finished the above quoted sentence by saying, "all of which were rejected as *baseless*." *Id.* (emphasis added). Notably, this Court, in the same paragraph, went on and described that particular plaintiff's claims as "frivolous," and "groundless," and noted that plaintiff's litigation tactics "suggested an 'improper purpose'" and were "unreasonable." *Id.* Defendant in this case provides no authority for the proposition that "plaintiff's litigation tactics multiplying the burden of defending a lawsuit" can alone transform an ordinary case into an exceptional one. Defendant's argument thus fails and the Court is left to consider only whether Defendant accurately describes the claims in this case as "groundless."

The Court also disagrees with Defendant's assertion that this case is groundless. "A claim is considered factually groundless where there is 'no reasonable basis to believe' in the factual allegations underlying the claim and is considered legally groundless where there is 'no legal basis' for the claim itself, which instead rests on 'absurd' or 'just short of frivolous' contentions of law." *See Brown v. Electronic Arts, Inc.* ___ F. Supp. 2d ___, 2010 WL 2757774, at *2 (C.D. Cal. July 13, 2010) (internal citations omitted).

In *Cairns v. Franklin Mint Co.*, a case cited by Defendant, the court entered summary judgment and awarded attorneys' fees to the defendants because two of the three Lanham Act claims asserted were groundless. 115 F. Supp. 2d 1185, 1188-89, *aff'd*, 292 F.3d 1139 (9th Cir. 2002). In that case, Franklin Mint made "jewelry, plates and dolls" of the late Princess Diana, and used her name and likeness in advertisements for the products. *Franklin Mint*, 292 F.3d at 1144. The trustees of the Diana Princess of Wales Memorial Fund filed suit against the company alleging, among others, violations of the Lanham Act for false advertising, false endorsement and dilution of trademark. *Id.* The district court granted summary judgment on all three, finding that there was no likelihood of customer confusion as to the origin of the products (false endorsement), that the mark "Diana, Princess of Wales," did not take on a secondary meaning because of the products (dilution of trademark), and that the advertisements were literally true (false advertising). *Id.* at 1156.

When it came time to award attorneys' fees, the district court further found that the dilution of trademark and false advertising claims—but not the false endorsement claim—were groundless, thus making the case "exceptional." *Id.* Specifically, the "dilution of trademark claim was groundless and unreasonable because it had no legal basis, having been based on the 'absurd' and 'just short of frivolous' contention that the mark 'Diana, Princess of Wales' has taken on a secondary meaning in the mind of the public and now primarily identifies 'charitable

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#117**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

and humanitarian services rather than Princess Diana the individual.'" *Id.* The false advertising claim was similarly "groundless and unreasonable" because "the statements in the advertisements at issue were true and [Plaintiff] had no reasonable basis to believe they were false." *Id.* The false endorsement claim, though "well outside the bounds of any previous decision," was not "groundless, unreasonable, vexatious or pursued in bad faith," and an award of attorneys' fees for it was not appropriate. *Franklin Mint*, 115 F. Supp. 2d at 1188.

Despite Defendant's insistence that that the facts of this case are similar to the facts in *Franklin Mint*, the Court finds the cases distinguishable. Looking at the Lanham Act and the facts of this case, it is not clear that, but for Defendant's First Amendment defense, Plaintiff's claims were not meritorious. This Court has never stated that the claims asserted were "absurd" or borderline "frivolous" and will not do so now. Moreover, the fact that Plaintiff filed an *ex parte* application during the lawsuit does not alone mean that the tactics pursued were vexatious or unreasonable. The Court also disagrees with Defendant's contention that Plaintiff's "Lanham Act claims were groundless, as this Court recognized in granting [Defendant's] motion to dismiss." *Mot.* 4:26-27. Just because the Court determined that Defendant was entitled to judgment does not mean that Plaintiff's claim were groundless and that this case is "exceptional." Such an argument suggests that every party who obtains a favorable judgment in a Lanham Act case is entitled to attorneys' fees. Not so. If that were true, then the "exceptional" case requirement in the statute would be a nullity. Plaintiff in this case presented evidence that Defendant was using his mark and that it was causing confusion. Those were the grounds for his case. Defendant had superior grounds warranting dismissal: the First Amendment. Just because Defendant won does not mean that Plaintiff's case was "groundless, unreasonable, vexatious or pursued in bad faith." *See, e.g., Brown*, 2010 WL 2757774, at *3 (Lanham Act claim dismissed on First Amendment grounds was not "exceptional").

The Court does not find that this case is "exceptional" within the meaning of the Lanham Act. Moreover, even if the Court did find that it was "exceptional," it would nevertheless decline to exercise its discretion to award Lanham Act fees because the properly accounted for § 3344 award reflects the First Amendment defense that disposed of all of Plaintiff's claims and is a reasonable award in this case. Defendant's request for attorneys' fees under the Lanham Act is DENIED.[4]

---

[4] Plaintiff's request for attorneys' fees for time spent on the motion to transfer the case from the District of Massachusetts to the Central District of California is made entirely under the Lanham

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#117**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7672 PSG (RZx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | ANT v. Anthony McPartlin, *et al*. | | |

    C.    <u>Plaintiff's Request to Stay the Attorneys' Fees Award Pending Appeal</u>

    In its Opposition, Plaintiff requests that this Court stay any order awarding attorneys' fees pending resolution of Plaintiff's appeal to the Ninth Circuit. *See Opp'n* 25:11-15. As a general matter, a party seeking a stay pending appeal must show either (1) a strong likelihood of success on the merits and a likelihood of irreparable injury, or (2) serious legal questions and the balance of the equities sharply favoring the moving party. *See Golden Gate Rest. Ass'n v. San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008). Plaintiff has failed to establish either and the Court DENIES Plaintiff's request.

IV.    <u>Conclusion</u>

    Based on the foregoing, the Court GRANTS in part and DENIES in part Defendant's Motion for Attorneys' Fees. Defendant is entitled to $52,245.50 for its § 3344 claim and the related First Amendment defense, and $13,950.00 for its Motion for Attorneys' Fees. In sum, Defendant is awarded $66,195.50.

    **IT IS SO ORDERED.**

---

Act because the California § 3344 claim was not added until the case was transferred. *See Reply* 3:4-5 ("Gurin's Boston counsel also had to incur fees in defending against the Lanham Act claims before the case was transferred."). The Court does not award the fees incurred to transfer the case because of its determination that a fees award under the Lanham Act is not warranted. Moreover, the Court notes that the case was transferred not because venue in Massachusetts was improper, but because venue in this district was more convenient. *See* Dkt. #42.